UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TERENCE BODDIE,                                              :

        Petitioner,                               :        08 Civ. 9287 (LAP) (DF)

        v.                                        :
                                                                     **MEMORANDUM**
THE NEW YORK STATE DIVISION                                  :        **AND ORDER**
OF PAROLE, et al.,
                                                             :

        Respondent.                               :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

## INTRODUCTION

In this habeas proceeding, *pro se* petitioner Terence Boddie ("Petitioner") has moved for release on bail or personal recognizance pending resolution of his petition for a writ of habeas corpus. (Petitioner's Notice of Motion Seeking a Stay of the Judgment and Immediate Release, dated Feb. 3, 2009 ("Pet. Motion for Release") (Dkt. 11).)[1] The underlying habeas petition, brought pursuant to 28 U.S.C. § 2254, challenges a 2007 decision of the New York State Division of Parole (the "Parole Division, or "Respondent")[2] revoking Petitioner's parole. (Petition for a Writ of Habeas Corpus, dated Oct. 3, 2008 ("Petition") (Dkt. 2).) In his pending motion, Petitioner not only seeks immediate release from custody, but also requests that his

---

[1] Petitioner actually requests a "Preliminary Injunction/Immediate Stay/Enforcement of the 24 month Parole Time Assessment/Hold, Immediate Release back to Parole Supervision under Federal custody until this Honorable Court decides and rules upon the issues raised [in the Petition] . . . ." (Pet. Motion for Release.) As the motion seeks immediate release pending a decision on the merits of the Petition, this Court construes Petitioner's request as a motion for release on bail or personal recognizance.

[2] Although, in identifying the respondent in the caption of this action, Petitioner has included the phrase "et al." (*see* Petition for a Writ of Habeas Corpus, dated Oct. 3, 2008 (Dkt. 2)), he has nowhere named any respondent other than the Parole Division.

release be supervised by federal, rather than state, parole officials. (*Id*.) For the reasons discussed below, Petitioner's motion for immediate release is DENIED.

## DISCUSSION

Federal courts possess the "inherent authority to admit to bail individuals properly within their jurisdiction." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). In the habeas context, however, the power to grant bail is a "limited one, to be exercised in special cases only." *Id.* As explained by the Second Circuit:

> [T]he standard for bail pending habeas litigation is a difficult one to meet: The Petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.

*Id*. (internal citations and quotation marks omitted).

In determining whether the standard articulated in *Mapp* has been met, the Court considers three factors: (1) whether substantial claims are set forth in the habeas corpus petition; (2) whether the petitioner has demonstrated a likelihood of success on the merits of his or her petition; and (3) whether there are extraordinary circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective. *See Samuel v. INS*, No. 01 Civ. 3413 (LTS)(RLE), 2005 U.S. Dist. LEXIS 801, at *23 (S.D.N.Y. Jan. 20, 2005); *Defino v. Thomas*, No. 02 Civ. 7413 (RWS), 2003 U.S. Dist. LEXIS 24, at *5 (S.D.N.Y. Jan. 2, 2003); *see also Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (noting that where a habeas petitioner seeks release on bail, an essential factor "is the necessity that the petition present merits that are more than slightly in petitioner's favor").

By separate Report and Recommendation of this date, this Court has recommended to the Honorable Loretta A. Preska, United States District Judge, that the Petition be dismissed on the

grounds that Petitioner's claims are not only unexhausted and procedurally barred, but are also without merit. (*See* Report and Recommendation, dated May 29, 2009.)

For the reasons discussed in the Report and Recommendation, familiarity with which is assumed, Petitioner has not established that he will likely prevail on the merits of his claim. Given that he must make such a showing to demonstrate entitlement to release on bail or personal recognizance, Petitioner's motion for immediate release is DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Petitioner's motion for immediate release on bail or personal recognizance, under the supervision of federal authorities (Dkt. 11) is denied.

Dated: New York, New York
       May 29, 2009

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

3

Copies to:

The Honorable Loretta A. Preska, U.S.D.J.

Mr. Terence Boddie
93-A-2001
Mohawk Correctional Facility
6100 School Road
P.O. Box 8451
Rome, NY 11342
(*with copies of electronically reported cases*)

Leilani Rodriguez, Esq.
Assistant Attorney General
120 Broadway
New York, NY 10271